IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC X. RAMBERT                    :              CIVIL ACTION

           v.                      :

VINCENT MOONEY, et al.             :              NO.  13-7246

## REPORT AND RECOMMENDATION

THOMAS J. RUETER                                   July 8, 2014
Chief United States Magistrate Judge

   Presently before the court is a pro se petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254.  Petitioner is currently incarcerated in the State Correctional

Institution – Coal, located in Coal Township, Northumberland County, Pennsylvania.  See

Petition at 1.  Petitioner challenges his convictions in the Court of Common Pleas for Allegheny

County (C.P. No. 02-CR-0002765).  Id.  The instant habeas petition was filed on December 9,

2013 (Doc. No. 1), and referred to the undersigned on June 26, 2014 (Doc. No. 2).  For the

reasons set forth below, this court recommends that the habeas petition be transferred to the

United States District Court for the Western District of Pennsylvania.

   Under 28 U.S.C. § 2241(d), petitioner may bring his application for a writ of

habeas corpus "in the district court for the district wherein such person is in custody or in the

district court for the district within which the State court was held which convicted and

sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the

application."  This statute gives the district court wherein an application is filed the discretion, in

the furtherance of justice, to transfer the application to the other district court for hearing and

determination.  Id.

In the case at bar, petitioner's present place of incarceration, the State Correctional Institution – Coal, is located in Coal Township, Northumberland County, Pennsylvania, which lies within the Middle District of Pennsylvania.  See http:/www.city-data.com/township/Coal-Northumberland-PA.html (visited July 7, 2014); 28 U.S.C. § 118. Petitioner was tried and convicted in Allegheny County, Pennsylvania, which is located in the Western District of Pennsylvania.  See 28 U.S.C. § 118; Petition at 1.  Petitioner is challenging his underlying state court convictions.  See Petition ¶ 12.  This court finds that the furtherance of justice would be best served by transferring this petition to the United States District Court for the Western District of Pennsylvania wherein petitioner was convicted, records relating to his conviction are stored, and the prosecutors, potential witnesses and the prosecuting court are located.  Additionally, it would be in the convenience of the parties and the witnesses to transfer petitioner's habeas petition to the Western District of Pennsylvania wherein all activity relating to petitioner's convictions occurred.  See In re Nwanze, 242 F.3d 521, 526 n.2 (3d Cir. 2001) ("[O]rdinarily a transfer of a section 2241 proceeding relating to the validity of the conviction from the district of confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses."); Davis v. Dep't of Corr. at SCI Smithfield, 2014 WL 688126, at *1 (W.D. Pa. Feb. 21, 2014) (transfer of habeas case to Eastern District of Pennsylvania proper where petitioner was housed in the Middle District, but was challenging convictions which occurred in state court in the Eastern District of Pennsylvania); Ashford v. Wenerowicz, 2011 WL 2149355, at *1 (E.D. Pa. Mar. 29, 2011) (habeas petition transferred to Middle District of Pennsylvania where petitioner was convicted), Report & Recommendation adopted by 2011 WL 2135688 (E.D. Pa. May 27, 2011).  See also 28 U.S.C. § 1404(a) ("[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer

2

any civil action to any other district or division where it might have been brought"); In re Nwanze, 242 F.3d at 526 n.2 (noting that § 1404(a) applies to transfers of habeas corpus petitions).

Nothing related to petitioner's conviction, sentence or incarceration occurred in the Eastern District of Pennsylvania.  As detailed above, petitioner was convicted in the Western District of Pennsylvania and is incarcerated in the Middle District of Pennsylvania.  Pursuant to 28 U.S.C. § 2241(d), the instant habeas petition is not properly filed in the United States District Court for the Eastern District of Pennsylvania.

Accordingly, the court makes the following:

## R E C O M M E N D A T I O N

AND NOW, this 8th day of July, 2014, the court respectfully recommends that the petition for a writ of habeas corpus be **TRANSFERRED** to the United States District Court for the Western District of Pennsylvania in accordance with 28 U.S.C. § 2241(d).  The court further recommends that no certificate of appealability be issued.[1]

Petitioner may file objections to this Report and Recommendation.  See Loc. R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

 /s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

[1]     The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC X. RAMBERT                          :                    CIVIL ACTION

                    v.                         :

VINCENT MOONEY, <u>et al.</u>              :                    NO.  13-7246

## O R D E R

AND NOW, this          day of                    , 2014, upon careful and

independent consideration of the pleadings and record herein, and after review of the Report and

Recommendation of United States Magistrate Judge Thomas J. Rueter, it is hereby

**ORDERED**

1.       The Report and Recommendation is **APPROVED** and **ADOPTED**;

2.       The petition for a writ of habeas corpus is **TRANSFERRED** to the United

States District Court for the Western District of Pennsylvania; and

.           3.       A certificate of appealability is <u>not</u> granted.

BY THE COURT:

_____

EDUARDO C. ROBRENO,   J.